United States District Court
Southern District of Texas
FILED

NOV 13 1998

Michael N. Milby, Clerk of Court

CAUSE NO. **B-98-169**

| | | |
|---|---|---|
| ANGELICA STRUBHART AND BETH STRUBHART | § § § | IN THE U.S. DISTRICT COURT |
| VS. | § § | FOR THE SOUTHERN DISTRICT OF TEXAS |
| SENTHA JO HERFINDAHL AND THE UNITED STATES OF AMERICA | § § § | BROWNSVILLE, TEXAS |

<u>PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ANGELICA STRUBHART AND BETH STRUBHART,** hereinafter referred to by name or as Plaintiffs, and complains of **SENTHA JO HERFINDAHL AND THE UNITED STATES OF AMERICA,** hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

1. This action arises under the Federal Tort Claims Act of June 25, 1948, 28 U.S.C § 13.46b, 26.71 et. seq., as hereinafter more fully appears.

2. Plaintiffs reside in the above entitled Judicial District. The acts and omissions herein complained of occurred in the above entitled district.

3. On or about August 23, 1996, Plaintiffs, Angelica Strubhart and Beth Strubhart, were driving a red 1989 Honda Civic DX in a lawful manner while traveling on Loop 499 at Breedlove Road in Cameron County, Texas. Plaintiffs' vehicle was suddenly, violently, and without warning broadsided by Defendant Sentha Jo Herfindahl, who was driving a 1994 white Chevrolet Suburban owned by the United States Border Patrol. At all times mentioned herein, Defendant Sentha Jo Herfindahl, was employed as an officer and agent of the United States Border Patrol, a federal agency of Defendant, the United States of America, and was acting within the scope of her employment with the express consent and permission of Defendant, the United States of America.

4. On or about February 19, 1998, Plaintiffs Angelica Strubhart and Beth Strubhart, filed a claim for administrative settlement with the United States Border Patrol in the sum of $2,500,000.00 for Angelica Strubhart and $100,000.00 for Beth Strubhart. Said department failed to finally dispose of said claim or even make a settlement offer within 6 months after its submission and suit was duly commenced.

5. The occurrence made the basis of this suit, reflected in paragraph 2, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendant, Sentha Jo Herfindahl. The Defendant operated the vehicle she was driving in a negligent manner because she violated the duty which she owed the Plaintiffs to exercise ordinary care in the operation of her motor vehicle in one or more of the following respects:

   a.  in failing to keep a proper lookout or such lookout which a person of ordinary prudence would have maintained under same or similar circumstances;

   b.  in failing to timely apply the brakes of her vehicle in order to avoid the collision in question;

   c.  in failing to apply the brakes in her vehicle in order to avoid the collision in question;

   d.  in failing to turn her vehicle in an effort to avoid the collision in question;

   e.  in failing to blow her horn to warn of imminent collision;

   f.  in driving her vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances;

   g.  in failing to maintain control of her vehicle.

Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which they will

continue to suffer in the future, if not for the remainder of their natural lives.

6. Defendant, the United States of America, was negligent under the doctrine of Respondeat Superior inasmuch as Defendant, Sentha Jo Herfindahl, was acting in the course and scope of her duties as an employee of the United States Border Patrol, an agency of the United States of America.

7. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Sentha Jo Herfindahl and the United States of America, Plaintiffs suffered severe bodily injuries to their arms, heads, necks, backs, and other parts of their bodies generally. Their entire bodies were bruised, battered and contused and they suffered great shock to their entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on Plaintiffs' health and well being. Some of the effects are permanent and will abide with the Plaintiffs for a long time into the future, if not for their entire lives. These specific injuries and their ill effects have, in turn, caused Plaintiffs' physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause Plaintiffs to suffer consequences and ill effects of this deterioration throughout their bodies for a long time in the future, if not for the balance of their natural lives. As a further result of the nature and consequences of their injuries, Plaintiffs suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of their natural lives.

8. As a further result of all of the above, Plaintiffs have incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

9.  As a further result of the injuries sustained by Plaintiffs, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for this medical care and attention.

10. By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the minimum jurisdictional limits of this court for which they sue.

11. As a consequence of the injuries sustained by Angelica Strubhart and Beth Strubhart, they have suffered physical disability. In all reasonable probability, this disability will cause them to suffer long into the future, if not for the balance of their natural lives, all to the damage in an amount that is within the jurisdictional limits of this court for which they now sue.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiffs have judgment against Defendants in an amount within the minimum jurisdictional limits of this Court, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

1.  Pain and suffering in the past;
2.  Pain and suffering in the future;
3.  Mental anguish in the past;
4.  Mental anguish in the future;
5.  Past medical expenses;
6.  Future medical expenses;
7.  Physical impairment in the past;
8.  Physical impairment in the future;
9.  Lost wages in the past;
10. Lost wages in the future;
11. Loss of earning capacity;
12. Property damage; and
13. Loss of use.

-5-

Respectfully submitted,

_____
Thomas J. Henry
State Bar No. 00795885
Keith M. Gould
State Bar No. 09484210
Federal Bar No. 22313
Law Offices of Thomas J. Henry
5425 South Padre Island Drive
Suite 180
Corpus Christi, TX   78411
Telephone 512/985-0600
Facsimile 512/985-0601